COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-05-297-CR


DERRICK L. OSBY                                                                  APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        On October 14, 2003, pursuant to a plea bargain, Appellant Derrick L.
Osby pleaded guilty to aggravated sexual assault of a child under fourteen years
of age, and the trial court sentenced him to thirteen years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice. Appellant
did not file a motion for new trial. Consequently, his notice of appeal was due
November 13, 2003. See Tex. R. App. P. 26.2(a)(2). The notice of appeal was
not filed until July 28, 2005; thus it was untimely. Id. 
        Because the notice of appeal was untimely and it appeared we lacked
jurisdiction, we sent a letter to Appellant on August 8, 2005, requesting a
response showing grounds for continuing the appeal. Appellant responded that
he had timely submitted his notice of appeal to the Tarrant County District Clerk
but that the district clerk’s office had failed to timely file or forward the notice
of appeal. We note that Appellant sent the trial court a letter dated July 14,
2005 requesting an out-of-time appeal. Appellant does not assert in that letter
that he filed a timely notice of appeal. 
        Regardless, this court does not have authority to grant an out-of-time
appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). A
notice of appeal that complies with the requirements of Rule 26 is essential to
vest this court with jurisdiction. Tex. R. App. P. 26.2(a)(2); Slaton, 981 S.W.2d
at 210. The Texas Court of Criminal Appeals has expressly held that, without
a timely filed notice of appeal or motion for extension of time, we cannot
exercise jurisdiction over an appeal. See Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); see also Slaton, 981 S.W.2d at 210. Because
Appellant’s notice of appeal was untimely filed, we dismiss this case for want
of jurisdiction. See Tex. R. App. P. 26.2(a)(2), 43.2(f).
                                                                           PER CURIAM
PANEL D:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 31, 2005
 
 
 
NOTES
1. See Tex. R. App. P. 47.4.